IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEAST DIVISION

| | |
|---|---|
| JEFF OWEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:10-cv-00114 |
| ) | Judge Trauger/Magistrate Griffin |
| CITY OF LAFAYETTE, TENNESSEE, ) | JURY DEMAND |
| and KEITH SCRUGGS, Individually ) | |
| and In His Official Capacity, ) | |
| ) | |
| Defendants. ) | |

**AMENDED INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01, this initial case management order is submitted by the Counsel representing the parties above. Counsel for Plaintiff and Defendant request that this Order be entered into by this Honorable Court.

1. <u>Jurisdiction</u> -The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12101, *et seq.*

2. <u>Service of Process</u> - Defendants in this matter have been served.

3. <u>Responsive Pleadings</u> - Defendant filed its Answer on January 11, 2011.

4. <u>Plaintiff's Theory</u> - Plaintiff became a volunteer firefighter for the City in the year 2004. He became a full-time firefighter/engineer in January of 2010. Many years ago, plaintiff had a social relationship with a woman named Debbie Dies. The romantic aspect of this relationship ended quickly, but plaintiff and Ms. Dies remained friends.

Defendant Scruggs commenced a clandestine romantic relationship with Ms. Dies many years ago, which continued throughout Scruggs marriage and into 2010. Plaintiff became aware of this

relationship from Ms. Dies. By 2010, plaintiff was happily married and remains so. Plaintiff's friendly relationship with Ms. Dies continued. Although they rarely saw one another, plaintiff and Ms. Dies frequently spoke by telephone and exchanged text messages.

In the summer of 2010, Scruggs ordered plaintiff to have nothing further to do with Ms. Dies. Plaintiff, correctly ascertaining that his relationship with Ms. Dies had no effect whatsoever on his job performance, refused this order.

In the late summer and early fall of 2010, Scruggs commenced threatening plaintiff if plaintiff continued to be in contact with Ms. Dies. Finally, Scruggs escalated his threats and directly threatened to kill plaintiff. On this occasion, Scruggs posed an immediate threat of harm to plaintiff and Scruggs was known to plaintiff to have the present ability to act on that threat.

Plaintiff, reasonably fearing for his life, resigned his position as a firefighter/engineer under great duress. This was a constructive discharge as a matter of fact and a matter of law.

At all times pertinent, Scruggs was acting under color of law as plaintiff's superior and supervisor in the Fire Department and was acting within the course and scope of his employment. The City had and has a long history and unwritten but well-understood and recognized policy of denying, and/or attempting to deny, its employees the rights of freedom of association and free speech guaranteed them by the First Amendment to the United States Constitution. Those are rights which are clearly established and well-known both to the City and to Scruggs.

Scruggs' threat to take plaintiff's life was a civil assault on plaintiff, as aforesaid and was intentional and malicious meriting the award of punitive damages.

Plaintiff's constructive discharge was in violation of 42 USC 1983, as aforesaid. Plaintiff was constructively discharged in retaliation for his refusal to obey an unlawful and unconstitutional

order, which refusal reflects the clear public policy of the State of Tennessee and the United States of America favoring free speech and free assembly.

5. <u>Defendant's Theory</u> – The Plaintiff voluntarily resigned from his employment as a firefighter with the City of Lafayette, Tennessee after Fire Chief Scruggs confronted him with numerous sexually suggestive text messages Defendant had sent to Ms. Debbie Dies, Chief Scruggs girlfriend. Plaintiff was given an option by Chief Scruggs to resign or have the text messages turned over to the Mayor or City Council. Many of the text messages by Plaintiff were sent while he was on duty at the City. The text messages violated the City's personnel policy. Ms. Dies felt Plaintiff's text messages to her were harassing and she felt threatened by Plaintiff. Some time before Plaintiff started texting Ms. Dies the Plaintiff brought to the attention of Chief Scruggs that morale of the firefighters was hurt by fraternization between firefighters and the wives or girlfriends of other fighters. A meeting was held and Chief Scruggs ordered his firefighters to stop this fraternization. Chief Scruggs was shocked and surprised when Plaintiff began texting his girlfriend improperly with sexually suggestive comments. At first Chief Scruggs thought Plaintiff was only joking but after several weeks he concluded Plaintiff was serious. Chief Scruggs never threatened Plaintiff over his conduct and never ordered him to stop all communication with Ms. Dies.

The Defendants incorporate by reference all the affirmative defenses made in their Answer. Plaintiff had no protected First Amendment right of association or speech. Plaintiff had no "intimate relationship" with Ms. Dies (they were not even friends), and therefore has no protected First Amendment right of association. Plaintiff's speech to Ms. Dies was personal and not a "matter of public concern", and therefore, has no First Amendment Protection for his speech. Under 42 U.S.C. §1983 the City has no liability because:

1. No custom or policy of the City was the moving force behind any alleged constitutional violation, and

2. No final policymaker for the City (the City Council) made or ratified any alleged unconstitutional action, and

3. There was no constructive discharge of the Plaintiff by the City's final policymaker and no action constituting a constructive discharge was ratified by the final policymaker.

The City has immunity under the Governmental Tort Liability Act because Plaintiff has only alleged intentional torts by Defendant Scruggs. Both the Defendants contend that they have not violated any federal or state law and Plaintiff's claims have no merit and should be dismissed. Defendants request attorney fees and costs for the defense of Plaintiff's claims under 42 U.S.C. § 1983 as there is no legal basis for these claims.

6. Other Claims - At this time, the parties are not aware of the need for any counterclaims, cross-claims, third-party claims, joinder of the parties or claims. Should the parties become aware of the need for such pleadings, then they will inform the other of the same.

7. Amendment of Complaint - Motions to Amend the Pleadings shall be filed no later than **August 25, 2011**.

8. Status of the Issues Presented - The issues and facts in this case are in dispute at this time.

9. Admission of Fact and/or Stipulations to Authenticity - The parties shall request admissions of fact and/or stipulations regarding the authenticity of documents in pursuant to FRCP 36.

10. <u>Discovery</u> -

(a) Initial Disclosures - Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 14 days after the initial case management conference.

(b) The parties shall complete all written discovery on or before **August 26, 2011**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a telephone conference call with Judge Trauger.

(c) Depositions - Deposition of fact witnesses shall be completed by **October 21, 2011.**

(d) Duty of Disclosure - The parties shall disclose the identity of any witnesses and make other disclosures pursuant to FRCP 26 with the exception of expert witnesses. Plaintiff shall disclose the identity of his expert witness with a summary of what the expert will testify to at trial by **November 20, 2011.** The Defendants will disclose the identity of their expert witnesses with a summary of the testimony each will provide during trial by **December 19, 2011.**

(e) Depositions of experts shall be completed **January 20, 2012.**

(f) Limitations on Discovery - No limitations except for what is specified in the FRCP.

(g) Dispositive Motions - Briefs shall not exceed <u>20 pages</u>. No motion for **partial** summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that give the justification for filing

a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the court.

(h)  Other Stays of Discovery -   The parties have not exchanged any discovery at this time, therefore there are no stays in effect.

(i)  Protective Orders -   The parties are not aware at this early time in the litigation process whether or not a protective order will need to be entered.

(i)  FRCP 26(f) Conference -   The Initial Case Management Conference shall serve as the FRCP 26(f) discovery conference.

(j)  The deadline for filing discovery related motions is **October 28, 2011.**

11.  Settlement -   The parties in this matter have not discussed settlement.  The parties agree that more discovery needs to be performed prior to a settlement agreement being discussed.

12.  Alternative Dispute Resolution - The parties agree that this case has potential to be settled outside of the Court and that the best time to discuss settlement is after all the discovery has been completed.

13.  Joint Mediation Report - The parties agree that any joint mediation report will be filed by **October 15, 2011.**

14.  Dispositive Motions - All dispositive motions are to be filed with this Court by **December 19, 2011.**   Responses shall be filed within thirty (30) days of receiving the motion. Replies shall be filed with the Court within ten (10) business days.

15.  Electronic Discovery - The parties are in agreement on how to conduct electronic

discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

16. <u>Estimated Trial Time</u> - The parties expect the trial to last approximately three to four days.

17. The case is set for trial on **May 8, 2012, at 9:00 a..m.**

18. The final pre-trial conference is set for **May 4, 2012**, **at 1:30 p.m.**

IT IS **ORDERED**.

_____
JUDGE ALETA TRAUGER


**APPROVED FOR ENTRY:**

FARRAR & BATES, LLP

/s/ William N. Bates
William N. Bates (BPR No. 003578)
Aaron E. Winter (BPR No. 027636)
211 Seventh Avenue North, Suite 500
Nashville, Tennessee 37219
(615) 254-3060
*Attorneys for Defendants*
bill.bates@farrar-bates.com
aaron.winter@farrar-bates.com


/s/ James L. Harris
James L. Harris (BPR No. 014173)
2400 Crestmoor Rd.
Nashville, TN 37215
(615) 386-7143
*Attorney for Plaintiff*
jhar401@comcast.net